LUCY H. HOLZER

*v.*

MARION G. THOMAS et al.

[Argued April 11th, 1905. Decided July 3d, 1905.]

1. A bill by a beneficiary under a foreign will, against the executrix and trustee thereunder, alleging that the latter has not accounted for the estate in the foreign jurisdiction, but has removed the assets to this state and used them (with other moneys) in the purchase of real estate which she caused to be conveyed to her children, they having knowledge of such use of the assets, and seeking an accounting of the assets, and a charge upon such real estate, is not open to demurrer.

2. The bill further alleging that the same defendant was also executrix and trustee under a will of a resident of this state (in which complainant was interested), and had never properly accounted for the assets thereof, but had mingled them with the assets derived from the foreign estate above referred to, and used them in the purchase of said real estate, and seeking an accounting and relief as to such real estate—*Held*, not open to a demurrer for misjoinder of causes of action, the two separate accountings sought being essential and necessary to the main relief prayed against the real estate thus acquired from the mingled assets.

3. While unexplained laches appearing on the face of the bill is good ground of demurrer—*Held*, that the allegations of this bill, if proved, will explain the long delay apparent on the face of the bill.

On demurrer to bill.

*Mr. Hugh K. Gaston,* for the demurrant.

*Mr. William H. Carey, contra.*

MAGIE, CHANCELLOR.

The sole defendants in this case are Marion G. Thomas, Marion L. Thomas and Frederick G. Thomas, her children, and each of the defendants has filed a demurrer to the bill. The demurrer of Marion L. Thomas and of Frederick G. Thomas present the same objections. The demurrer of Marion G. Thomas includes those objections and presents others. The case, therefore, can be disposed of by considering all the objections presented in the demurrer last referred to.

Complainant's bill sets out, first, that Henry B. Gates, the father of complainant, died a resident of the State of New York on April 17th, 1873, when complainant was about six years of age, leaving a last will and testament, which was probated in the State of New York. By said will Marion G. Thomas, who was the sister of the testator, was appointed executrix and guardian of the complainant, and general legatee of the residuum of the estate, which was directed to be sold and used for the benefit of testator's daughter, the complainant.

The bill states that complainant's father died leaving property, and excuses her inability to describe the property because of her tender age at the time of his death, and the confidence that she had in her aunt and guardian, but she asserts that Marion G. Thomas, the executrix, never filed an inventory of the estate of Henry B. Gates, nor made an accounting of it, nor of her guardianship of complainant.

Complainant thereupon asserts her right to all the residue of her father's estate that had not been used for her benefit.

Complainant, secondly, proceeds to declare that Joshua B.

Gates, her grandfather, died, domiciled in the county of Somerset, on May 26th, 1877, leaving a last will and testament, which was admitted to probate in that county August 17th, 1877. By that will the testator appointed his daughter, Marion G. Thomas, his sole executrix, and gave and devised to her all the residuum of his estate, in trust, with power of sale and direction to invest the proceeds thereof, and divide the income arising therefrom during her life among herself and her children, Marion L. Thomas and Frederick G. Thomas, and the complainant, and, upon the decease of Marion G. Thomas, to divide the income among all the testator's grandchildren then living. The will further provided that upon the decease of complainant her share was to pass to her surviving children, but if she left none surviving, then it was to pass to the children of Marion G. Thomas. It would seem thereby that the complainant has a present right to a portion of the income of the proceeds of testator's property, with the prospect of an increased right at the death of Marion G. Thomas, if she survives her, and a possible interest exists for the benefit of any child or children that may be born to her.

The bill sets out that Joshua B. Gates died possessed of considerable personal property, and also seized of valuable real estate in the State of New York; that one parcel of the real estate in New York was sold upon the foreclosure of a pre-existing mortgage, but that a considerable amount of surplus was raised by the sale, which came to the hands of the executrix, Marion G. Thomas, and that the other portion of the real estate of testator in New York was so conveyed and transferred by the executrix, Marion G. Thomas, as to raise an inference that the proceeds of the sale of that land, to a large amount, came to her hands, or that a person who afterwards purchased the lands at a foreclosure sale upon a pre-existing mortgage took and held the title for the benefit of the estate, and accounted to her for the rents and profits thereof until it was sold by him, and then accounted to her for the proceeds of his sale, amounting to a large sum of money.

The bill further states that on the 9th day of August, 1878, while complainant was still a minor, Marion G. Thomas filed an

account as executrix of Joshua B. Gates in the Somerset county orphans court, and that her account was passed and allowed by that court, but it is charged that such accounting failed to include all the personal property of the deceased, and did not include the proceeds of the sale of the real estate in New York, as it ought to have done, and asserts that the order or decree allowing the account was of no effect, because there was no advertisement of the accounting, and that the allowance by the court was made on the very day on which the account was filed.

The bill then proceeds to state that Marion G. Thomas mingled the estates of Henry B. Gates and Joshua B. Gates together and made use thereof in the purchase of real estate in the county of Somerset, and procured the title to be taken to one tract in the name of Marion L. Thomas and to another tract in the name of Frederick G. Thomas, and that said Marion L. and Frederick G. Thomas now hold these tracts, which are of considerable value. Complainant further charges that both Marion L. and Frederick G. Thomas knew that their mother, Marion G. Thomas, had mingled the assets of both estates, and had made use of them in the purchase of said real estate, and that they conspired with said Marion G. Thomas to conceal the same from the complainant.

Upon these charges the complainant prays that Marion G. Thomas may be required to account both as executrix of Henry B. Gates and as executrix of Joshua B. Gates; that upon such accounting a decree may be made fixing the balance due to complainant, or the amount in which she has an interest, and further, that by the decree there shall be imposed upon the real estate now standing in the names of Marion L. Thomas and Frederick G. Thomas a lien for her protection.

The demurrer of Marion G. Thomas first claims that the bill misjoins causes of action.

It is obvious that if the relief sought by the complainant was a decree for the payment by Marion G. Thomas to complainant of what should appear to be due complainant upon an accounting of the estate of Henry B. Gates, and also a decree for the payment of what should be due complainant on her present interest in the estate of Joshua B. Gates, a case of misjoinder

would be presented, although the accountings might be made in the same cause.

But this is not the purpose of the bill. The accountings are incidentally sought as appropriate to the relief really asked. That relief is to reach the assets of both estates, claimed to be mingled by connivance, and now existing in real estate within this jurisdiction. To this relief accountings in both estates are essential.

The demurrer of this defendant further questions complainant's right to require an accounting of the estate of her father, Henry B. Gates, on the ground that he died domiciled in a foreign state, and that this property is to be accounted for by his executrix in the courts of that state. Such, in general, is undoubtedly the law. *Cocks* v. *Varney, 42 N. J. Eq. (15 Stew.) 514.*

But this relief cannot be invoked if a foreign executrix or trustee has brought into this state portions or the whole of the assets which should be accounted for in the foreign state, and has invested them in property in this state and within the jurisdiction of this court. In such case this court may require an accounting of the assets for the purpose of reaching the relief sought, and may follow the assets and decree their disposition. *Brownlee* v. *Lockwood, 20 N. J. Eq. (5 C. E. Gr.) 239; Allen* v. *Arkenburgh, 57 N. J. Eq. (12 Dick.) 440.*

There is a difficulty which, at first, seemed to me somewhat formidable, and that is that the relief sought and obtainable by the complainant differs in respect to the assets of the two estates. As to assets arising from the estate of Henry B. Gates, complainant seems to be entitled to their immediate possession. As to assets arising from the estate of Joshua B. Gates, she is entitled only to a share of the income arising therefrom for her life, with the prospective benefit of a share thereof to her children. In regard to the latter estate, she is entitled to be protected in her present right and to have protection for her prospective benefit. Reflection, however, has led me to conclude that the claim for the protection of what complainant may show herself entitled to, although of diverse character, does not render this bill multifarious as misjoining causes of action. The

real question underlying both matters is the real estate now owned by Marion L. and Frederick G. Thomas. If that has been bought by money arising from both estates, the assets thus used may be followed into those lands, and complainant, in doing so, presents a case against the same defendants and must rely upon the same proofs. Although the question, if found in her favor, leads to a relief having two aspects, the bill is not thereby rendered multifarious. If the assets of both estates have been mingled and used in the purchase of these lands, complainant's decree may fasten thereon her present interest and require security for her prospective interest in proportion to the amount of the purchase-money derived from each estate, and this relief will necessarily require accountings in both estates.

The only debatable question that I discover arises upon the cause assigned to the effect that the bill discloses laches on the part of the complainant. Laches appearing by the bill may be taken advantage of by demurrer, and if unexplained will be fatal. *Van Houten* v. *Van Winkle,* 46 *N. J. Eq.* (*1 Dick.*) 380.

The bill shows not only that Henry B. Gates, whose estate complainant seeks to pursue, died more than thirty years ago, and that Joshua B. Gates, in whose estate complainant seeks an interest, died twenty-eight years ago, but that complainant has remained for sixteen years, since she became of age, without seeking any relief in respect to the matters she now presents. If this laches is unexplained these demurrers should be sustained.

When there is a legal and equitable remedy for the same cause of action, if the legal remedy is barred by lapse of time the equitable remedy will, in general, be also barred. *Agens* v. *Agens,* 50 *N. J. Eq.* (*5 Dick.*) 566; *Partridge* v. *Wells, 30 N. J. Eq.* (*3 Stew.*) 176; *S. C., 31 N. J. Eq.* (*4 Stew.*) 362. Where the remedy is necessarily to be sought in equity, while laches will be deemed a bar to the maintenance of the suit, the circumstances may so explain the delay as to deprive a defendant of that objection on demurrer. *Gulch* v. *Fosdick, 48 N. J. Eq.* (*3 Dick.*) 353; *Lundy* v. *Seymour, 55 N. J. Eq.* (*10 Dick.*) 1. Nor is it possible to fix what length of time will be deemed to be laches, nor to define what circumstances will

amount to a satisfactory explanation for a delay which, if unexplained, will be fatal to the bill.

But, upon reading this bill, I have come to the conclusion that the circumstances stated therein do not leave the apparent laches unexplained. Complainant was the niece of Marion G. Thomas. She was not only complainant's near relative, but she had been made complainant's guardian and trustee, under the father's will and the will of the grandfather. Complainant states that her aunt told her that the most valuable part of her grandfather's property, viz., one of the tracts of land in New York, which had been bought under a foreclosure, was held by the purchaser for the benefit of the estate and of complainant's interest therein. Complainant further states that she has frequently demanded accountings from her guardian and trustee, and has never been refused, but has been continually promised such accountings. Whether complainant can make out these explanations by proof is not in question. Upon such allegations of admissions and promises by her who was complainant's guardian during minority, and her trustee under both wills, being proved, I think laches would be explained.

It may further be observed that I discover no occasion to suppose that there has been any actual or potential loss of evidence to the defendants, or any inability of Marion G. Thomas to now make the accountings which she ought to have made, on account of the loss of time. *Tynan* v. *Warren, 53 N. J. Eq. (8 Dick.) 313; Lutjen* v. *Lutjen, 64 N. J. Eq. (19 Dick.) 773.*

Although with some hesitation, I have concluded that on the face of the bill complainant is not chargeable with unexplained laches.

The result is that all the demurrers will be overruled.